Collings *v.* City of Camden.

---

COLLINGS and others *vs.* THE CITY OF CAMDEN.

An injunction, issued to restrain municipal authorities from increasing the debt of the city by contracting in its name and on its credit for municipal improvements, and for furnishing the city hall, &c., on the ground that the indebtedness of the city was thereby increased beyond the amount allowed by its charter, and that the proposed expenditures were not included within the appropriations for the year, was dissolved as to the furniture, on the ground of laches in filing the bill till after the contracts therefor had been made, and the parties had entered into bonds to perform them; those persons not being made parties to the bill, and the bill neither seeking to restrain them from performing the contract, or the city from compelling performance.

Bill for injunction. Motion to dissolve injunction on bill and answer.

*Mr. Alfred Hugg,* for motion.

*Mr. D. J. Pancoast, contra.*

THE CHANCELLOR.

The bill was filed on the 27th of December, 1875, for an injunction to restrain the municipal corporation of Camden from increasing the debt of the city by contracting in its name and on its credit, for the erection of a fence around the city hall, or for the furnishing that building, or for the purchase of a tower clock therefor, and from giving any evidence of debt, in its name, to any person or persons on account of any contract made in pursuance of certain resolutions of the city council, passed on the 27th of October, 1875, authorizing the city hall building committee to purchase the furniture and clock, and to advertise for proposals, and award contracts to the lowest bidder for the building of the fence. The first section of the supplement of 1873 to the charter, (*Pamph. L.,* 1873, *p.* 344,) provides that the city council shall not have power to raise by loan, in any year, a greater sum than $25,000, and shall not have power to increase the debt of the city beyond $1,000,000. The second section provides that they shall, during the month of June in each year, or as soon thereafter as possible, make the annual appropriations for the different departments of the city, and that no appropriation shall be exceeded, nor work contracted for or materials ordered, nor proposals asked for either work or materials, unless the cost thereof can be paid out of the appropriation of the year, unless in cases of extreme emergency, and then only by a vote of three-fourths of the members of the city council. The bill states that, at the time of the filing thereof, the debt exceeded $1,000,000; and that the council did not, during the year previous to the passing and adoption of the resolutions above mentioned, make any appropriation for any department of the city which included the expenditure thereby contemplated; and that the furnishing and improvement of the city hall, as provided by the resolutions, were not, when the resolutions were passed, and have not been since then, a case of extreme emergency within the meaning of the supplement; and that the resolutions were not passed by a three-

fourths vote. The answer admits the truth of the statements of the bill as to the amount of the debt, and the fact that there was no appropriation which included the proposed expenditure, but alleges that the resolutions were passed by a three-fourths vote; and it insists that the question whether an extreme emergency existed was to be determined by the city council alone, whose discretion on the subject was absolute, and their judgment final. It further states that before the filing of the bill, contracts had been made by the committee for the furniture, with persons who had given bonds to the city for the faithful performance of their respective contracts, and that the furniture has since been delivered to the city, according to the contracts. The answer was filed on the 19th of February, 1876. No replication has been filed. The city are the only defendants to this suit. I deem it unnecessary in disposing of this motion to consider any of the propositions of the defendants' counsel, as to the construction of the sections of the supplement to the charter above referred to. The laches of the complainants in applying for relief are sufficient reason for dissolving the injunction, so far as the contracts for the furniture are concerned. The resolutions were passed and approved on the 27th of October. The bill was not filed until the 27th of December. The contracts for the furniture had then been entered into with the city by persons who were then under bonds to perform them. These persons were not made parties to the suit, and the complainants did not seek to prevent them from performing their contracts, or to restrain the city from requiring such performance. Such negligence is a forfeiture of the right to equitable relief in the premises. *Tash* v. *Adams*, 10 *Cush.* 252. The injunction will be dissolved, so far as the furniture is concerned, but it will be without costs.